This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Raymond and Margaret Szczepaniak ("the Szczepaniaks"), have appealed from the order of the Summit County Court of Common Pleas that ruled that the lien held by Appellee, Metropolitan Bank ("Metropolitan"), was superior to the lien held by the Szczepaniaks, and the order of the Summit County Court of Common Pleas that dismissed the Szczepaniaks' claim against Appellee, KeyBank National Association ("KeyBank"). We reverse.
On December 17, 1998, Metropolitan filed a complaint for foreclosure asserting priority as a lienholder on a certain property. On January 21, 1999, the Szczepaniaks filed an answer, a counterclaim against Metropolitan, and a cross-claim against KeyBank. On October 12, 1999, the court ordered that the property be sold in accordance with its foreclosure order. On January 6, 2000, the trial court issued an order finding that Metropolitan had first priority with its judgment lien to the proceeds of the foreclosure sale. On June 28, 2000, KeyBank moved to dismiss the Szczepaniaks' third party complaint against them for failure to prosecute, waiver, estoppel and/or laches. On July 20, 2000, the Szczepaniaks responded in opposition. On July 31, 2000, the magistrate issued his decision recommending that KeyBank's motion to dismiss be granted for failure of the Szczepaniaks to timely respond. On August 14, 2000, the Szczepaniaks filed objections to the magistrate's decision. On September 15, 2000, KeyBank responded to the Szczepaniaks' objections. On September 22, 2000, the trial court adopted the magistrate's decision and dismissed the Szczepaniaks' cross-claim against KeyBank finding that the Szczepaniaks had not filed timely objections to the magistrate's decision. The Szczepaniaks timely appealed and have raised three assignments of error for review. They will be rearranged for ease of discussion.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law in determining that [Metropolitan's] mortgage had priority over that of the Szczepaniaks[.]
In their first assignment of error, the Szczepaniaks have argued that the trial court erred when it determined that the lien held by Metropolitan had priority over the lien held by the Szczepaniaks. We agree.
KeyBank had a first mortgage on the subject property. With full notice of the mortgage held by KeyBank, Metropolitan approved a second mortgage on the subject property. At some point in the future, KeyBank commenced foreclosure proceedings on the subject property. During the pendency of these first foreclosure proceedings, the Szczepaniaks purchased the mortgage from KeyBank and the mortgage was assigned to them. KeyBank then dismissed its foreclosure complaint. Due to an oversight, the assignment of the mortgage from KeyBank to the Szczepaniaks was not recorded. At some point following the assignment, KeyBank, in error, filed a satisfaction of the mortgage. Metropolitan then filed an action in foreclosure.
Following the sale of the property, the trial court ruled that Metropolitan's lien had priority over the lien held by the Szczepaniaks. The trial court reasoned that because KeyBank had recorded a satisfaction of the mortgage and the assignment to the Szczepaniaks was not recorded, Metropolitan had priority.
R.C. 5301.25(A) provides:
 All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument.
Under a review of the statute, subsequent bona fide purchasers, having no knowledge of an instrument such as this, would be protected from those claiming priority. This is not such a case.
Metropolitan granted its mortgage before the mortgage was assigned or satisfied and did so with full knowledge that they were the second lienholder on this property. Accordingly, because their actions took place before and not subsequent to the disputed transactions, R.C.5301.25(A) does not apply to the instant situation.
The trial court also erred by failing to apply the theory of equitable subrogation to this case. The Supreme Court of Ohio has held that:
 Where money is loaned under an agreement that it shall be used in the payment of a lien on real estate, and it is so used, and the agreement is that the one who so loans the money shall have a first mortgage lien on the same lands to secure his money and through some defect in the new mortgage or oversight as to other liens, the money can not be made on the last mortgage, the mortgagee has a right to be subrogated to the lien which was paid by the money so by him loaned, when it can be done without placing greater burdens upon the intervening lienholders than they would have borne if the old mortgage had not been released, but not as against a bona fide lienholder who acquired his lien after the release of the old mortgage without notice of such agreement and payment.
Straman v. Rechtine (1898), 58 Ohio St. 443, paragraph one of the syllabus. See also Federal Union Life Ins. Co. v. Deitsch (1934),127 Ohio St. 505, paragraph one of the syllabus; Amick v. Woodworth
(1898), 58 Ohio St. 86; Miller v. Scott (1924), 23 Ohio App. 50.
In this case, the Szczepaniaks paid KeyBank with the understanding that they would step into the shoes of KeyBank, the first lienholder. The money put forward by the Szczepaniaks did pay off the mortgage held by KeyBank. It was only through an error in filing that the assignment of the mortgage was not filed and a satisfaction was filed instead. Metropolitan faces no greater burden with the Szczepaniaks as the primary lienholder than it did prior to the release of the KeyBank mortgage. Therefore, it would be thoroughly inequitable to permit Metropolitan to take advantage of this error when Metropolitan took no actions in extending credit in reliance upon the mistaken filings. Accordingly, this Court finds that the Szczepaniaks' first assignment of error has merit.
 ASSIGNMENT OF ERROR III The trial court erred as a matter of law in failing to consider [the Szczepaniaks'] objection to the magistrate's decision[.]
In their third assignment of error, the Szczepaniaks have argued that the trial court erred when it adopted the magistrate's decision without first considering their objections. We agree.
Civ.R. 53(E)(3)(a) provides that "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(4)(b) states that when objections are filed, "[t]he court shall rule on any objections." (Emphasis added.)
In the present case, the trial court indicated that it did not consider the objections filed because they were untimely and therefore, since there were no objections, it adopted the magistrate's decision. The Szczepaniaks filed objections on August 14, 2000, exactly fourteen days after the issuance of the magistrate's decision. Accordingly, the trial court was required to consider the objections prior to issuing its ruling and because it did not do so, its ruling was in error. The Szczepaniaks' third assignment of error is meritorious.
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law in granting KeyBank's motion to dismiss[.]
Pursuant to App.R. 12(A)(1)(c), this court's disposition of the third assignment of error renders the Szczepaniaks' second assignment of error moot and accordingly, it will not be addressed.
The Szczepaniaks' first and third assignments of error are sustained. The Szczepaniaks' second assignment of error is moot. With respect to the first assignment of error, the judgment of the trial court is reversed and judgment is hereby entered in favor of the Szczepaniaks. This Court finds that the Szczepaniaks have first priority as lienholders on the property. With respect to the third assignment of error, the judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., WHITMORE, J. CONCUR.